IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| **BERKLEY NATIONAL INSURANCE COMPANY,** § § § | § | CASE NO. 1:18-CV-00195 |
| *Plaintiff,* § | | |
| v. § | | |
| § | | |
| **XTO ENERGY, INC.** § | | |
| § | | |
| *Defendant, Counter-Plaintiff and Third-Party Plaintiff,* § § | | |
| v. § | | |
| § | | |
| **BERKLEY NATIONAL INSURANCE COMPANY** § § § | | |
| *Counter-Defendant,* § | | |
| § | | |
| -AND- § | | |
| § | | |
| **COMMERCE AND INDUSTRY INSURANCE COMPANY, TORUS NATIONAL INSURANCE COMPANY n/k/a STARSTONE NATIONAL INSURANCE COMPANY, and SENECA SPECIALTY INSURANCE COMPANY,** § § § § § § § § | | |
| *Third-Party Defendants.* § | | |

**BERKLEY NATIONAL INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COUNTERCLAIM**

Berkley National Insurance Company files this Original Answer to Plaintiff's Original Counterclaim, and respectfully shows the Court the following:

## ADMISSIONS & DENIALS

### THE PARTIES

38. Upon information and belief, Berkley admits the allegations in paragraph 38 of XTO's Original Counterclaim.

39. Berkley admits the allegations in paragraph 39 of XTO's Original Counterclaim.

40. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 of XTO's Original Counterclaim.

41. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 41 of XTO's Original Counterclaim.

42. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42 of XTO's Original Counterclaim.

## JURISDICTION AND VENUE

43. Berkley admits the allegations in paragraph 43 of XTO's Original Counterclaim.

44. Berkley admits the allegations in paragraph 44 of XTO's Original Counterclaim.

45. Berkley admits the allegations in paragraph 45 of XTO's Original Counterclaim.

46. Berkley admits the allegations in paragraph 46 of XTO's Original Counterclaim.

## FACTUAL BACKGROUND

*The Accident*

47. Berkley lacks sufficient knowledge or information to forma a belief about the exact location of the well. Berkley admits the remaining allegations in paragraph 47 of XTO's Original Counterclaim.

48. Upon information and belief, the full name of "Missouri Basin" is Missouri Basin Well Service, Inc. Justin Pyle, Brenda Pyle, Daniel Pavon, and Ana Pavon—intervenors in the underlying lawsuits—have not sued Missouri Basin. The two underlying lawsuits allege claims in addition to negligence. Berkley admits the remaining allegations in paragraph 48 of XTO's Original Counterclaim.

49. Pyle's First Amended Petition in Intervention alleges that damages are recoverable under North Dakota law, not Texas law as XTO alleges. The allegations in paragraph 49 of XTO's Original Counterclaim concern the contents of a document, and the best source of those contents in full and in context are the document itself. To the extent an answer is required, Berkley denies the allegations in paragraph 49 of XTO's Original Counterclaim.

50. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 50 of XTO's Original Counterclaim.

51. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 51 of XTO's Original Counterclaim.

*The MSAs*

52. Berkley denies that paragraphs 11.1 and 11.1.2 of Exhibits E and F require $5,000,000 minimum limits in commercial general liability insurance. The remaining allegations in paragraph 52 of XTO's Original Counterclaim concern the contents of a document, and the best source of those contents in full and in context are the document itself. To the extent an answer is required, Berkley denies the allegations in paragraph 52 of XTO's Original Counterclaim.

53. The allegations in paragraph 53 of XTO's Original Counterclaim concern the contents of a document, and the best source of those contents in full and in context are the document itself. To the extent an answer is required, Berkley denies the allegations in paragraph 53 of XTO's Original Counterclaim.

*The Policies*

54. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding which carriers were involved in "the defense and/or settlement of the Lawsuits," which "tendered full limits towards the settlement of the Lawsuits," or which carriers

issued policies to certain contractors.  Berkley denies that only four insurance carriers are relevant to the instant suit.

55.     Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Seneca and Torus.  Berkley denies the remaining allegations in paragraph 55 of XTO's Original Counterclaim.

56.     Berkley admits that it issued Energy Commercial General Liability policy no. EGL001672010 to Missouri Basin, effective April 13, 2016–17 (the "Berkley CGL Policy").  Berkley further admits that it issued Energy Commercial Umbrella Liability policy no. EUL001670910 to Missouri Basin, effective April 13, 2016–17 (the "Berkley Umbrella Policy").  Subject to all terms, conditions, exclusions, and other provisions of the Berkley Policies, the CGL Policy provides a liability limit of $1,000,000 per occurrence, and the Umbrella Policy provides a liability limit of $25,000,000 per occurrence.  Berkley denies the remaining allegations in paragraph 56 of XTO's Original Counterclaim.

57.     Berkley admits the allegations in paragraph 57 of XTO's Original Counterclaim.

58.     Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 58 of XTO's Original Counterclaim.

59.     Exhibit J to XTO's Original Counterclaim states that the endorsement shall not "increase," not "decrease," the applicable Limits of Insurance.  The allegations in paragraph 59 of XTO's Original Counterclaim concern the contents of a document, and the best source of those contents in full and in context are the document itself.  Berkley lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 59 of XTO's Original Counterclaim.

60. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 60 of XTO's Original Counterclaim.

61. Berkley denies the allegations in paragraph 61 of XTO's Original Counterclaim.

***Coverage Demands and Denials***

62. Berkley admits that by letter dated June 29, 2018, counsel for XTO demanded that Berkley defend and indemnify XTO and its contractors for all claims raised in the Stassinos and Maheu lawsuits. Berkley lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 62 of XTO's Original Counterclaim.

63. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 63 of XTO's Original Counterclaim.

64. Berkley admits that it denied the tenders of XTO and its contractors by letter dated September 28, 2018. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding CIIC. Berkley denies the remaining allegations in paragraph 64 of XTO's Original Counterclaim.

65. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 65 of XTO's Original Counterclaim.

***Settlement of the Underlying Claims***

66. Berkley attended mediation on or about October 12, 2018. Berkley lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 66 of XTO's Original Counterclaim.

67. Berkley admits that it did not contribute to the settlements. While Berkley offered XTO contribution toward settlement through a proposed funding agreement with a right to recoupment prior to mediation, XTO declined. Berkley lacks sufficient knowledge or information

to form a belief about the truth of the remaining allegations in paragraph 67 of XTO's Original Counterclaim.

## CAUSES OF ACTION

**Count 1 against Berkley and CIIC:  Breach of Contract**

68. Paragraph 68 does not contain any allegation to which a response is required.  Berkley incorporates herein by reference all other paragraphs of its answer.

69. Subject to the policies' terms, conditions, exclusions, and other provisions, Berkley admits that the policies issued by Berkley are valid and enforceable.  Berkley lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 69 of XTO's Original Counterclaim.

70. Berkley denies the allegations in paragraph 70 of XTO's Original Counterclaim.

71. Berkley denies the allegations in paragraph 71 of XTO's Original Counterclaim.

72. Berkley denies the allegations in paragraph 72 of XTO's Original Counterclaim.

73. Berkley denies the allegations in paragraph 73 of XTO's Original Counterclaim.

74. Berkley denies the allegations in paragraph 74 of XTO's Original Counterclaim.

**Count 2 against Berkley:  Declaratory Judgment Regarding Defense Costs**

75. Paragraph 75 does not contain any allegation to which a response is required.  Berkley incorporates herein by reference all other paragraphs of its answer.

76. In the Berkley CGL Policy, Berkley has "the right and Duty to Defend the **INSURED** . . . against any **CLAIM** or **SUIT** seeking damages . . . to which this policy applies.  However, **WE** will have no Duty to Defend the **INSURED** against any **CLAIM** or **SUIT** seeking damages . . . to which this policy does not apply."  Berkley denies the remaining allegations in paragraph 76 of XTO's Original Counterclaim.

77. Berkley denies the allegations in paragraph 77 of XTO's Original Counterclaim.

78. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 78 of XTO's Original Counterclaim.

79. Berkley admits that XTO is seeking a determination regarding Berkley's defense obligation. Berkley denies that it is obligated to defend XTO or its contractors in the underlying lawsuits.

80. Berkley admits that XTO is seeking a determination regarding Berkley's defense obligation. Berkley denies that it is obligated to defend XTO or its contractors in the underlying lawsuits.

**Count 3 against Berkley and CIIC: Breach of the Common Law Duties of Good Faith and Fair Dealing**

81. Paragraph 81 does not contain any allegation to which a response is required. Berkley incorporates herein by reference all other paragraphs of its answer.

82. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 82 regarding CIIC. Berkley denies the remaining allegations in paragraph 82 of XTO's Original Counterclaim.

83. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 83 regarding CIIC. Berkley denies the remaining allegations in paragraph 83 of XTO's Original Counterclaim.

84. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 84 regarding CIIC. Berkley denies the remaining allegations in paragraph 84 of XTO's Original Counterclaim.

85. Berkley denies the allegations in paragraph 85 of XTO's Original Counterclaim.

**Count 4 against Berkley and CIIC:  Statutory Claim for Unfair Claim Settlement Practices**

86. Paragraph 86 does not contain any allegation to which a response is required.  Berkley incorporates herein by reference all other paragraphs of its answer.

87. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 87 regarding CIIC.  Berkley denies the remaining allegations in paragraph 87 of XTO's Original Counterclaim.

88. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 88 regarding CIIC.  Berkley denies the remaining allegations in paragraph 88 of XTO's Original Counterclaim.

89. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 89 regarding CIIC.  Berkley denies the remaining allegations in paragraph 89 of XTO's Original Counterclaim.

90. Berkley denies the allegations in paragraph 90 of XTO's Original Counterclaim.

**Count 5 against Seneca and Torus:  Declaratory Judgment Regarding Coverage**

91. Paragraph 91 does not contain any allegation to which a response is required.  Berkley incorporates herein by reference all other paragraphs of its answer.

92. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 92 of XTO's Original Counterclaim.

93. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 93 of XTO's Original Counterclaim.

94. Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 94 of XTO's Original Counterclaim.

### ATTORNEYS' FEES

95.     Paragraph 95 does not contain any allegation to which a response is required. Berkley incorporates herein by reference all other paragraphs of its answer.

96.     Berkley lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 96 regarding XTO's fee arrangement with Haynes and Boone. Berkley denies the allegations in paragraph 96 of XTO's Original Counterclaim.

### JURY DEMAND

97.     Paragraph 97 of XTO's Original Counterclaim fails to state a claim on which relief can be granted.

### PRAYER

98.     Berkley denies that XTO is entitled to any relief from Berkley.

99.     Berkley denies that XTO is entitled to any relief from Berkley.

### DEFENSES AND AFFIRMATIVE DEFENSES

100.    XTO's claims are barred, in whole or in part, because in paragraph 10.2.1 of the MSA, XTO agreed "to release" Missouri Basin from and against any and all indemnifiable claims, defined as any and all claims, demands, and causes of action of every kind and character arising out of, without limitation, injury to or death of employees of XTO's contractors. This release extends to and includes any claims that Missouri Basin is obligated to name "XTO Group" as additional insureds on its policies (which alleged additional insured obligation is denied, in any event) in connection with injury claims brought by members of the XTO Group. Again, the Berkley CGL Policy limits additional insured coverage to "[t]he coverage, terms, and/or limits required by" the MSA, and the Berkley Umbrella Policy follows form. Because XTO released Missouri Basin from any obligation to name "XTO Group" as additional insureds in connection

with injury claims brought by members of the XTO Group, "XTO Group" does not qualify as additional insureds on the Policies for claims made in the Lawsuits.

101.  XTO's claims are barred, in whole or in part, because the MSA does not require Missouri Basin to provide additional insured coverage to XTO for claims of the XTO Group. XTO agreed to release Missouri Basin and provide defense and indemnity to Missouri Basin, with primary coverage insuring those obligations, in connection with claims of the XTO Group. The MSA only requires Missouri Basin to provide additional insured coverage for those claims for which Missouri Basin assumed responsibility, by agreeing to provide defense and indemnity to XTO. Because Missouri Basin did not assume responsibility for claims of the XTO Group, it is not required to provide additional insured coverage to XTO for the claims made in the Lawsuits. The Berkley CGL Policy limits additional insured coverage to "[t]he coverage, terms, and/or limits required by" the MSA, and the Berkley Umbrella Policy follows form. Because Missouri Basin does not owe contractual indemnity to "XTO Group" for the claims made in the Lawsuits, "XTO Group" do not qualify as additional insureds on the Berkley Policies.

102.  XTO's claims are barred, in whole or in part, because XTO's Contractors, whose tenders XTO has accepted and in turn tendered to Berkley, do not qualify as additional insureds on the Berkley Policies. The Berkley CGL Policy only affords additional insured status to those "with whom" the named insured, Missouri Basin, has contractually agreed to name as an additional insured. Missouri Basin contracted with XTO only, and has no contractual relationship with any other members of the "XTO Group." Because XTO's other contractors are not entities "with whom" Missouri Basin contracted, they do not qualify as additional insureds on the CGL Policy.

103.  XTO's claims are barred, in whole or in part, because neither XTO nor the Contractors, whose tenders XTO has accepted and in turn tendered to Berkley, qualify as

additional insureds on the Berkley CGL Policy. The Berkley CGL Policy affords additional insured status "only with respect to liability arising out of [Missouri Basin's] operations." However, Missouri Basin is a defendant in the Lawsuits. Neither XTO's nor Contractors' liability can arise out of Missouri Basin's operations, i.e. vicarious liability, when Missouri Basin's liability for its operations will already be assessed in the Lawsuits. Because XTO's and its Contractors' liability cannot arise out of Missouri Basin's operations when Missouri Basin is a defendant, neither XTO nor Contractors qualify as additional insureds on the Berkley CGL Policy.

104. XTO's claims are barred, in whole or in part, because the Berkley Umbrella Policy follows form to the Berkley CGL Policy. Because XTO and its contractors do not qualify as additional insureds on the Berkley CGL Policy, they also do not qualify on the Berkley Umbrella Policy.

105. XTO's claims are barred, in whole or in part, because XTO has no coverage under the Berkley CGL Policy or the Berkley Umbrella policy for its contractual obligations to others, including Missouri Basin, as the definition of "insured contract" is not met.

106. XTO's claims are barred, in whole or in part, because XTO's contractual defense and indemnity obligation to Missouri Basin for the claims in the underlying lawsuits applies on a primary basis.

107. XTO's claims are barred, in whole or in part, because XTO has an obligation to indemnify Missouri Basin, Berkley's named insured, at least up to the $51,000,000 in insurance limits, the minimum amount that both XTO and Missouri Basin obtained to support their mutual indemnity obligations. This includes "actual insurance," including excess coverages, obtained pursuant to MSA paragraph 10.2.3 and article XI. *See* TEX. CIV. PRAC. & REM. CODE § 127.005. If this Act does not apply, XTO's obligation to Missouri Basin is unlimited.

108. XTO's claims are barred, in whole or in part, because XTO is required to waive subrogation against all members of "Contractor Group"—including Missouri Basin—pursuant to MSA paragraph 10.2.3.

109. XTO's claims are barred, in whole or in part, because regardless of whether XTO or its contractors qualify as insureds, the Berkley CGL Policy does not cover the claims made by plaintiffs in the underlying lawsuits due to application of the Berkley CGL Policy's "Pollution" exclusion and the Umbrella Policy's incorporation of that exclusion. The claims at issue arose out of the release or escape of fluids and gases which qualify as pollutants, at or from a site which was owned or occupied by, or rented or loaned to, XTO, which alleges it is an insured.

110. XTO's claims are barred, in whole or in part, because XTO's alleged damages are caused, in whole or in part, by XTO's failure to mitigate its damages, if any.

111. XTO's claims are barred, in whole or in part, because the Berkley Policies forbid an insured (and Berkley maintains that XTO and its contractors do not qualify) from voluntarily making a payment, assuming any obligation, or incurring any expense, other than first aid, without Berkley's consent except at that insureds' own cost.  Additionally, the Berkley Umbrella Policy states that Berkley has no obligation with respect to any claim or suit settled without Berkley's consent.

112. XTO's claims are barred, in whole or in part, because other policies that provide coverage to XTO or its contractors are primary to the Berkley Policies because those other policies provide coverage while the Berkley Policies do not, and through application of the policies' "other insurance" clauses, or provisions of similar effect.  This includes the policies of insurance carriers party to this lawsuit and non-parties to this lawsuit, including but not limited to XTO's own primary and excess insurance carriers.

113. XTO's claims are barred, in whole or in part, by application of the Berkley CGL Policy's "Expected or Intended Injury" exclusion. Plaintiffs in the underlying lawsuits alleged that XTO's intentional and reckless conduct caused or contributed to the occurrence at issue. To the extent that XTO or any of its contractors expected or intended bodily injury to the plaintiffs in the underlying lawsuits, the "Expected or Intended Injury" exclusion applies to preclude coverage.

114. Berkley reserves the right to supplement or amend this Answer, including its affirmative defenses, to assert any additional defenses or other matters as allowed by law.

For the reasons above, Berkley prays that XTO take nothing on its claims and that Berkley be granted any other relief to which it may be entitled by law.

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright
Attorney-in-charge
Texas Bar No. 22059400
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas  77056
(713) 572-4321
(713) 572-4320 (facsimile)
wright@wrightclosebarger.com

Troy A. Wolf (#05792)
FISHER BREN & SHERIDAN, LLP
3137 32nd Avenue South, Suite 212
Fargo, ND 58103
Telephone: 701-205-4242
Fax:  701-364-5603
twolf@fisherbren.com

Susan A. Daigle (#4459)
DAIGLE RAYBURN LLC
600 Jefferson Street, Suite 1200
P. O. Box 3667
Lafayette, Louisiana 70501
Telephone: 337-234-7000
Facsimile: 337-237-0344
susan@djrlawfirm.com

**ATTORNEYS FOR PLAINTIFF,
BERKLEY NATIONAL INSURANCE
COMPANY**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served pursuant to Federal Rules of Procedure upon the following parties on December 12, 2018.

| | |
|---|---|
| Leslie C. Thorne<br>HAYNES AND BOONE, LLP<br>600 Congress, Suite 1300<br>Austin, Texas 78701<br><br>Ernest Martin, Jr.<br>Carla Green<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br><br>***Counsel for XTO Energy, Inc.***<br><br>Joel A. Flom<br>Jessica M. Rydell<br>1703 – 32nd Avenue South<br>Fargo, North Dakota 58103<br><br>***Counsel for Commerce and Industry Insurance Company*** | John Wells<br>C. Todd Keobele<br>Roland John Wells, III<br>HKM, PA<br>30 East 7th Street, Suite 3200<br>St. Paul, Minnesota 55101<br><br>***Counsel for Seneca Specialty Insurance Company***<br><br>Mark A. Solhein<br>LARSON · KING, LLP<br>30 East 7th Street, Suite 2800<br>St. Paul, Minnesota 55101<br><br>***Counsel for Starstone National Insurance Company*** |

*/s/ Thomas C. Wright*
Thomas C. Wright
