IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BERKLEY NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> XTO ENERGY, INC., <br><br>   Defendant-Counter-Plaintiff and Third-Party Plaintiff, <br><br> v. <br><br> BERKLEY NATIONAL INSURANCE COMPANY, <br><br>   Counter-Defendant, <br><br> and <br><br> COMMERCE AND INDUSTRY INSURANCE COMPANY, TORUS NATIONAL INSURANCE COMPANY n/k/a STARSTONE NATIONAL INSURNCE COMPANY, and SENECA SPECIALTY INSURANCE COMPANY, <br><br>   Third-Party Defendants. | CASE NO. 1:18-cv-00195-DLH-CRH |

**COMMERCE AND INDUSTRY INSURANCE COMPANY'S AMENDED
ANSWER TO XTO ENERGY, INC.'S THIRD-PARTY COMPLAINT**

1.   COMES NOW the Third-Party Defendant, Commerce and Industry Insurance Company ("CIIC"), for its Answer to XTO Energy, Inc.'s ("XTO") Third-Party Complaint.

2.   Except as herein admitted, qualified, or otherwise explained, CIIC denies each and every allegation of the Third-Party Complaint, and puts XTO to the strict proof thereof.

1

3. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraphs 38 and 39.

4. CIIC admits the allegations in Paragraph 40.

5. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraphs 41 and 42.

6. Paragraphs 43-46 contain legal conclusions to which no response is required. To the extent a response is required, CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations.

7. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 47.

8. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 48. Answering further, CIIC refers to the Court to the underlying complaints filed in the Lawsuits, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

9. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 49. Answering further, CIIC refers the Court to the underlying complaints filed in the Lawsuits, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

10. Upon information and belief, CIIC admits the allegations in Paragraph 50.

11. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of Paragraph 51.

12. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 52. Answering further, CIIC refers the Court to the referenced MSAs, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

13. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 53.

14. CIIC admits that several insurance carriers participated in the defense or settlement of the Lawsuits, and further admits that CIIC issued Commercial Umbrella Liability Policy, Policy No. 24238279 to Missouri Basin Well Services, Inc. DBA MBI Energy Services, Inc. but CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54, including the footnote.

15. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 55. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

16. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 56. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

17. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 57. Answering further, CIIC refers the Court to the referenced policy, which is a written document which speaks for itself, for its true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

18. CIIC admits it issued the referenced policy in Paragraph 58. CIIC denies that the "sits on top of" language is a direct quote from the referenced policy. Answering further, CIIC refers the Court to the referenced policy, which is a written document which speaks for itself, for its true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith. The remaining allegations in Paragraph 58 contain legal conclusions, to which no response is required.

19. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations. Answering further, CIIC refers the Court to the referenced policy, which is a written document which speaks for itself, for its true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

20. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations. Answering further, CIIC refers the Court to the referenced policy, which is a written document which speaks for itself, for its true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

21. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, CIIC denies the allegations to the extent that they are directed to CIIC. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

22. CIIC admits it received a letter from XTO dated June 29, 2018 as alleged in Paragraph 62. Answering further, CIIC refers the Court to that and the other referenced letters, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 62.

23. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 63. Answering further, CIIC refers the Court to the referenced policy and any denial letter, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

24. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, CIIC admits CIIC denied coverage, but denies that its denial was improper. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64. Answering further, CIIC refers the Court to the referenced denial letters, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

25. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, CIIC is without sufficient knowledge to form a belief as to the truth or falsity of Paragraph 65. Answering further, CIIC refers the Court to the referenced denial letter and policy, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

26. CIIC admits defendants in the Lawsuits and their insurance carriers participated in mediation, and upon information and belief, admits that XTO was able to secure settlements with all but one of the underlying plaintiffs, but is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66.

27. CIIC admits that CIIC did not contribute to settlement, and upon information and belief, admits several carriers tendered their full limits, but is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67.

28. The allegations contained in Paragraph 68 simply incorporate by reference other allegations, and therefore, CIIC's responses to those Paragraphs are incorporated by reference.

29. The allegations in Paragraph 69 contain legal conclusions to which no response is required. To the extent a response is required, CIIC admits CIIC's policy is a valid and enforceable contract. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

30. The allegation in Paragraphs 70-74 contain legal conclusions to which no response is required. To the extent a response is required, CIIC denies the allegations. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

31. The allegations contained in Paragraph 75 simply incorporate by reference other allegations, and therefore, CIIC's responses to those Paragraphs are incorporated by reference.

32. Paragraphs 76-80 contain legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraphs 76-80 are directed to an entity other than CIIC, and as such, no response is required. To the extent a response is required, CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations. Answering further, CIIC refers the Court to the referenced policy, which is a written document which speaks for itself, for its true and complete terms. CIIC denies the allegation to the extent they are inconsistent therewith.

33. The allegations contained in Paragraph 81 simply incorporate by reference other allegations, and therefore, CIIC's responses to those Paragraphs are incorporated by reference.

34. The allegations in Paragraphs 82-85 contain legal conclusions to which no response is required. To the extent a response is required, CIIC denies the allegations directed at CIIC. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations directed at Berkley. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete terms. CIIC denies the allegations to the extent they are inconsistent therewith.

35. The allegations contained in Paragraph 86 simply incorporate by reference other allegations, and therefore, CIIC's responses to those Paragraphs are incorporated by reference.

36. The allegations in Paragraphs 87-90 contain legal conclusions to which no response is required. To the extent a response is required, CIIC denies the allegations to the extent they are directed to CIIC. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations directed at Berkley. Answering further, CIIC refers the Court to the referenced policies, which are written documents which speak for themselves, for their true and complete meaning. CIIC denies the allegations to the extent they are inconsistent therewith.

37. The allegations contained in Paragraph 91 simply incorporate by reference other allegations, and therefore, CIIC's responses to those Paragraphs are incorporated by reference.

38. Paragraphs 92-94 contain legal conclusions to which no response is required. They are also directed to an entity other than CIIC, and as such, no response is required. To the extent a response is required, CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations. Answering further, CIIC refers the Court to the referenced policies, which are written document which speak for themselves, for their true and complete meaning. CIIC denies the allegations to the extent they are inconsistent therewith.

39. The allegations contained in Paragraph 95 simply incorporate by reference other allegations, and therefore, CIIC's responses to those Paragraphs are incorporated by reference.

40. Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, CIIC denies the allegations to the extent they are directed at CIIC. CIIC is without sufficient knowledge to form a belief as to the truth or falsity of the allegations directed at the other carriers.

41. Paragraph 97 contains Plaintiff's demand for jury trial, and is not an allegation to which a response is required.

42. CIIC denies that Plaintiff is entitled to the relief requested from CIIC in Paragraphs 98 and 99.

**AFFIRMATIVE DEFENSES**

43. The Third-Party Complaint fails to state a claim against CIIC upon which relief can be granted.

44. CIIC has performed any and all duties that it owes under its policy.

45. CIIC is not required to make any payment under its policy unless and until the total applicable limits of the scheduled underlying insurance and all other insurance has been exhausted. CIIC is not required to make any payment under CIIC's policy "unless and until the total applicable limits of the Scheduled Underlying Insurance by the payment of Loss to which [CIIC's policy] applies, and any applicable Other Insurance have been exhausted by the payment of Loss." Further, the "Other Insurance" condition of CIIC's policy provides that CIIC's policy is excess to other valid and collectible insurance unless such insurance is specifically written to be excess to CIIC's policy.

46. XTO's claims are barred because of XTO's obligations in the Master Service Agreement ("MSA") with Missouri Basin Well Service, Inc. ("Missouri Basin").

47. XTO's claims are barred in whole or in part to the extent it is seeking insurance coverage under CIIC's policy for claims, demands and causes of action that it agreed to "release, defend, indemnify and hold [Missouri Basin] harmless from and against" as set forth in the MSA, paragraph 10.2.1.

48. XTO's claims are barred in whole or in part to the extent XTO agreed that its indemnity obligations and insurance would be primary to any other insurance provided by or available to Missouri Basin and would provide a waiver of subrogation as set forth in the MSA, paragraph 10.2.3.

49. XTO's claims are barred in whole or in part because XTO has an obligation to indemnify Missouri Basin at least up to the $51,000,000 in insurance limits, the minimum amount that both XTO and Missouri Basin obtained to support their mutual indemnity obligations. *See* TEX. CIV. PRAC. & REM. CODE § 127.005. If this Act does not apply, XTO's obligations to Missouri Basin are unlimited.

50. XTO's claims are barred because XTO does not qualify as an additional insured under CIIC's policy and the scheduled underlying insurance referenced in the policy.

51. XTO's claims are barred because XTO's contractors do not qualify as additional insureds under CIIC's policy and the scheduled underlying insurance referenced in the policy.

52. XTO's claims are barred in whole or in part by the Contractors' Limitation Endorsement to CIIC's policy and the Contractual Liability exclusion in the scheduled underlying insurance referenced in the policy.  The Contractors' Limitation Endorsement to CIIC's policy excludes coverage for "any liability assumed by the Insured under any contract or agreement," unless insurance for such liability "is provided by Scheduled Underlying Insurance," and such coverage "will follow the terms, definitions, conditions and exclusions of Scheduled Underlying Insurance, subject to the Policy Period, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of [the CIIC Policy]."  The Contractual Liability exclusion in Berkley's CGL policy, in turn, excludes coverage for damages "the Insured is obligated to pay … by reason of the assumption of liability in a contract or agreement," unless such liability is "assumed in a contract or agreement that is an Insured Contract."  Berkley's CGL policy defines an "Insured Contract" as "that part of any written contract or written agreement pertaining to Your business under which You assume the liability of another party to pay" for injury to a third person.  "You" and "Your" refer to the Named Insured, Missouri Basin Well Service, Inc. and other listed Named Insureds, but not XTO or XTO's contractors.  The Contractual Liability exclusion in Berkley's umbrella policy similarly excludes coverage for damages "the Insured is obligated to pay … by reason of the assumption of liability in a contract or agreement," and defines "Insured Contract," "You" and "Your."

53. XTO's claims are barred in whole or in part because XTO is not entitled to insurance coverage under the scheduled underlying insurance referenced in CIIC's policy and the coverage provided by CIIC's Policy is no broader than the coverage provided by such scheduled underlying insurance. Accordingly, and to the extent applicable, CIIC expressly adopts and incorporates by reference herein the defenses and affirmative defenses asserted by Berkley National Insurance Company.

54. XTO's claims are barred in whole or in part by the "Expected or Intended Injury" exclusion in CIIC's policy and the scheduled underlying insurance referenced in the policy, which excludes coverage for injury "expected or intended from the standpoint of the Insured." Plaintiffs in the underlying lawsuits alleged that XTO's intentional and reckless conduct caused or contributed to the occurrence at issue. To the extent that XTO or any of XTO's contractors expected or intended injury to the plaintiffs in the underlying lawsuits, the "Expected or Intended Injury" exclusion applies to preclude coverage.

55. XTO's claims are barred in whole or in part by the "Duties in the Event of an Occurrence, Claim or Suit" condition of CIIC's policy and the scheduled underlying insurance referenced in the policy, which requires any insured to cooperate and not to voluntarily make any payment, assume any obligation, or incur any expense, other than for first aid, without consent.

56. XTO's claims are barred by the terms, limits, exclusions, conditions, definitions, and endorsements in CIIC's policy and the scheduled underlying insurance referenced in the policy.

57. XTO's claims are barred by the pollution exclusion in CIIC's policy.

58. There is or may be a failure to mitigate damages.

59. CIIC reserves the right to assert additional defenses to the extent they become known through the course of discovery.

WHEREFORE, CIIC prays that the Third-Party Complaint be dismissed and that CIIC be awarded its costs and disbursements herein, together with such other and further relief as the Court shall deem to be fair, just, and equitable.

**CIIC HEREBY DEMANDS TRIAL BY JURY OF NINE (9), OR BY THE MAXIMUM NUMBER PERMISSIBLE UNDER APPLICABLE LAW.**

Dated this 10th day of May, 2019.

        Respectfully submitted,

        **STROOCK & STROOCK & LAVAN LLP**
        200 South Biscayne Blvd.
        Suite 3100
        Miami, FL 33131
        Tel.: (305) 358-9900

By: */s/ Laura Besvinick*
    Laura Besvinick
    Florida Bar Number 391158
    lbesvinick@stroock.com

    and

By: */s/ Joel A. Flom*
    Joel A. Flom    (#04469)
    Jessica M. Rydell    (#07801)
    **FLOM LAW OFFICE, P.A.**
    1703 – 32ND Avenue South
    Fargo, ND 58103
    Tel.: (701) 280-2300
    joel@flomlaw.com
    jessica@flomlaw.com

*Attorneys for Third Party Defendants*
*Commerce and Industry Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Joel A. Flom*
Joel A. Flom, Esq.