# EXHIBIT 1




## XTO--Affidavit ISO StarStone MSJ Response Kuhn.pdf

| | |
|---|---|
| DocVerify ID: | 3E46C52C-A167-447F-B13A-73F39AEFD64B |
| Created: | April 21, 2020 15:59:07 -8:00 |
| Pages: | 5 |
| Remote Notary: | Yes / State: TX |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Jeff kuhn (J)**
April 21, 2020 16:05:16 -8:00 [7D3EBCE8C870] [73.77.13.95]
jskuhn1@comcast.net (Principal) (Personally Known)

**E-Signature Notary: Tiffany Thrasher (TNT)**
April 21, 2020 16:05:16 -8:00 [723BC1B6B44B] [165.97.32.2]
tiffany.thrasher@haynesboone.com
I, Tiffany Thrasher, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

**App. 002**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| BERKLEY NATIONAL INSURANCE COMPANY, | § § § § § | |
| *Plaintiff,* | § | |
| v. | § | C.A. NO. 1:18-CV-00195 |
| XTO ENERGY, INC. | § § § | |
| *Defendant, Counter-Plaintiff and Third-Party Plaintiff,* | § § § | |
| v. | § § | |
| COMMERCE AND INDUSTRY INSURANCE COMPANY, TORUS NATIONAL INSURANCE COMPANY n/k/a STARSTONE NATIONAL INSURANCE COMPANY, and SENECA SPECIALTY INSURANCE COMPANY, | § § § § § § § | |
| *Third-Party Defendants.* | § | |

### AFFIDAVIT OF JEFF KUHN

Jeff Kuhn, being duly sworn, upon oath states as follows:

    1.    My name is Jeff Kuhn. I am over twenty-one years of age, have never been convicted of a felony, and am fully competent to testify to the matters set forth in this affidavit. The facts contained in this affidavit are based on my personal knowledge, and are true and correct. I am Senior Counsel for Exxon Mobil Corporation. I manage litigation, including the litigation described in this Affidavit, for Exxon Mobil Corporation including its subsidiary XTO Energy, Inc. ("XTO").

    2.    XTO, among others, was named a defendant in two lawsuits that resulted from an explosion and fire that occurred at an oil and gas well known as the Ryan Well: *Mary Stassinos*

*et al. v. XTO Energy Inc., et al;* Civil No. 1:17-CV-138 (the "*Stassinos* Lawsuit") and *Richard Maheu et al. v. XTO Energy Inc., et al.;* Civil No. 1:17-CV-102 (the "*Maheu* Lawsuit"), both pending in the District of North Dakota, Western Division (collectively, the "Lawsuits"). Attached as Exhibit 1-A is a true and correct copy of the complaint filed in the *Stassinos* Lawsuit. Attached as Exhibit 1-B is a true and correct copy of the complaint filed in the *Maheu* Lawsuit.

3. XTO was also named a defendant, among others, in a lawsuit filed by Daniel Pavon in Harris County, Texas, Case No. 201661844-7 (the "*Pavon* Lawsuit"). Justin Pyle intervened in the *Pavon* Lawsuit. The *Pavon* Lawsuit was dismissed in Texas on *forum non conveniens* grounds. After dismissal of the *Pavon* Lawsuit, Pavon and Pyle sought and were granted leave to intervene in the *Maheu* Lawsuit. Pyle also sought and was granted leave to intervene in the *Stassinos* Lawsuit. As such, the Lawsuits include the claims of Pavon and Pyle. Attached as Exhibit 1-C is a true and correct copy of Pavon's Motion to Intervene. Attached as Exhibit 1-D is a true and correct copy of Pyle's Motion to Intervene.

4. The Lawsuits named as defendants XTO and a number of its contractors, including Badlands Consulting, LLC ("Badlands").

5. On December 2, 2011, XTO and Badlands, StarStone's insured, entered into a Master Service Agreement wherein Badlands agreed to provide certain services to the "XTO Group" at the Ryan Well ("MSA"). Attached as Exhibit 1-E is a true and correct copy of the MSA.

6. Because the other defendants named in the Lawsuits were XTO's "contractors and subcontractors other than [Badlands]," those defendants are also encompassed in the definition of "XTO Group" in the MSA.

4818-6193-7338 v.3

**App. 004**

7. Seneca Specialty Insurance Company issued a policy which bears Policy Number SPP 0031807 to Badlands, effective January 20, 2016 to January 20, 2017 (the "Seneca Policy"). Attached as Exhibit 1-F is a true and correct copy of the Seneca Policy.

8. StarStone issued Commercial Umbrella Policy No. 82068H152AL1 to Badlands (the "StarStone Policy"). Attached as Exhibit 1-G is a true and correct copy of the StarStone Policy.

9. On July 27, 2018, XTO sent a letter to StarStone demanding defense and indemnity for itself and the rest of the "XTO Group" in connection with the Lawsuits. Attached as Exhibit 1-H is a true and correct copy of the letter from Leslie Thorne to Torus National Insurance Company n/k/a StarStone.

10. StarStone denied it was obligated to indemnify XTO under the StarStone Policy in connection with the Lawsuits on October 9, 2018. Attached as Exhibit 1-I is a true and correct copy of the letter from Christine Boberek to Leslie Thorne.

11. On or about October 12, 2018, all defendants in the Lawsuits and their insurance carriers participated in a mediation with the plaintiffs in the Lawsuits. At that mediation, XTO was able to secure settlements with all but one of the underlying plaintiffs. After the mediation, XTO settled with the last remaining underlying plaintiff.

12. All known insurance carriers for the defendants named in the Lawsuits, with the exception of Berkley (insurer who initiated this action) and CIIC, agreed to provide their respective limits to settle the Lawsuits.

13. Unlike the other carriers, Seneca and StarStone paid their policy limits but reserved all rights to arbitrate or litigate the insurance coverage issues to recoup any payments made.

14. While the terms of the settlement agreements are confidential, the total amount of the settlements far exceed the total limits of the StarStone policy. StarStone is aware of the amounts paid in settlement of the Lawsuits.

4818-6193-7338 v.3

**App. 006**

DocVerify ID: 3E46C52C-A167-447F-B13A-73F39AEFD64B
www.docverify.com
Page 4 of 5    473F39AEFD64B

3E46C52C-A167-447F-B13A-73F39AEFD64B --- 2020/04/21 15:59:07 -8:00 --- Remote Notary

FURTHER, AFFIANT SAYETH NOT.

*Jeff kuhn*
Signed on 2020/04/21 16:05:16 -8:00

_____
Jeff Kuhn

Subscribed and sworn to before me this <u>21</u>st day of <u>   April   </u>, 2020.

**Tiffany Thrasher**
**Commission # 130024141**
Notary Public
STATE OF TEXAS
My Comm Exp. Dec 03, 2022
Notary Stamp 2020/04/21 16:05:16 PST       723BC1B6B44B

*Tiffany T.*
Signed on 2020/04/21 16:05:16 -8:00

_____
Notary Public

SEAL

4818-6193-7338 v.3

**App. 007**