IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Berkley National Insurance Company, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER ON MOTIONS** |
| | ) **FOR RECONSIDERATION** |
| XTO Energy, Inc., | ) |
| Defendant, and | ) |
| Third-Party Plaintiff, | ) Case No. 1:18-cv-195 |
| vs. | ) |
| Commerce and Industry Insurance Company, Torus National Insurance Company n/k/a StarStone National Insurance Company, and Seneca Specialty Insurance Company, | ) |
| Third-Party Defendants. | ) |

Before the Court are motions for reconsideration filed by XTO Energy, Inc. ("XTO") and Commerce and Industry Insurance Company ("Commerce"). See Doc. Nos. 170 and 177. The motions have been fully briefed and are ripe for consideration. See Doc Nos. 171, 179, 182, and 188. For the reasons set forth below, XTO's motion (Doc No. 177) is **GRANTED** and Commerce's motion (Doc. No. 170) is **DENIED**.

I.  **BACKGROUND**

This declaratory judgment action involves contract and insurance claims stemming from an explosion and fire that occurred on June 18, 2016, at an oil and gas well located in western North

1

Dakota. On May 3, 2021, the Court entered an Order ruling on six motions for summary judgment and partial summary judgment. See Doc. No. 166; Berkley Nat'l Ins. Co. v. XTO Energy, Inc., No. 1:18-CV-195, 2021 WL 1738877 (D.N.D. May 3, 2021). The Court's May 3, 2021 Order did not resolve the entire case as XTO's bad faith claims remain pending. Both Commerce and XTO have filed motions for reconsideration asking the Court to revisit portions of its May 3, 2021 Order.

XTO asks the Court to withdraw that portion of its Order which addressed XTO's statutory bad faith claim against Commerce because XTO and Commerce had agreed to withdraw from consideration the grounds raised on summary judgment as to XTO's bad faith claims, save for whether N.D.C.C. § 26.1-04-03(9) creates a private right of action. Commerce asks the Court to reconsider its determination that the time element exception in its insurance policy operates to restore coverage in favor of XTO. In addition to asking for reconsideration, Commerce asks that if the Court denies its motion for reconsideration that it certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. **LEGAL DISCUSSION**

The motions for reconsideration are made pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits the Court to revise an order, such as the order in question in this case, that "adjudicates fewer than all the claims" at any time prior to the entry of final judgment. Fed. R. Civ. P. 54(b). When final judgment has yet to be entered, Rule 54(b) is the appropriate rule under which to consider a motion for reconsideration. Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 n. 3 (8th Cir. 2015). "[A] non-final order 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" Interstate

Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993) (quoting Fed. R. Civ. P. 54(b)); see also Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 855-57 (8th Cir. 2008) (discussing a district court's inherent authority to alter, amend, or vacate non-final orders prior to the entry of the final judgment). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello, 791 F.3d at 923. A district court "may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., No. 3:09-CV-05078, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010).

### A. XTO's Motion

It is undisputed that the parties had withdrawn consideration of XTO's statutory bad faith claim prior to the Court issuing its ruling and thus the issue was not properly before the Court. The only issue that was properly before the Court was whether N.D.C.C. § 26.1-04-03(9) creates a private right of action. Commerce invites the Court to address the private right of action issue, which the Court declined to do in its May 3, 2021 Order given its determination that XTO's statutory claim failed as a matter of law. The Court's preference is to address all issues pertaining to XTO's statutory bad faith claims at the same time, presumably in a second round of summary judgment motions filed after discovery on XTO's bad faith claims are complete. Accordingly, XTO's motion is granted.

### B. Commerce's Motion

#### 1. Time Element Exception

Commerce asks the Court to reconsider its ruling that the time element exception in Commerce's policy operates to restore coverage in favor of XTO. The Court has carefully considered Commerce's argument and is unpersuaded that its prior ruling was incorrect, although the Court's conclusion could have been clearer. The Court remains convinced that the requirement in the Commerce policy that notice be made within 21 days in order to restore coverage runs afoul of a long line of cases from the North Dakota Supreme Court and N.D.C.C. § 26.1-32-09. North Dakota law and policy abhor a forfeiture of insurance coverage. Finstad v. Steiger Tractor, Inc., 301 N.W.2d 392, 395 (N.D. 1981); Hasper v. Center Mut. Ins. Co., 723 N.W.2d 409, 415 (N.D. 2006); N.D.C.C. § 26.1-32-09. XTO, as an additional insured, could not comply with the 21-day notice requirement as it did not even obtain a copy of the Commerce policy until nearly two years after the incident. XTO filed a claim within 21 days of obtaining a copy of the policy. The Court is convinced North Dakota would not permit a forfeiture under these circumstances, particularly in the complete and undisputed absence of prejudice. Commerce's motion for reconsideration is denied.

#### 2. Interlocutory Appeal

In the alternative to its motion for reconsideration, Commerce asks the Court to certify the time element exception issue for an interlocutory appeal. "It has long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." Union Cnty. v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quoting White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994)). Pursuant to 28 U.S.C. §

1292(b), a court of appeals may, in its discretion, permit an appeal of a district court's order when:

> a district judge, in making in a civil action an order not otherwise appealable [as an interlocutory order] shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). Certification of an appeal pursuant to 28 U.S.C. § 1292(b) is an extraordinary measure and not intended to serve as review by an appellate court of difficult rulings. Union Cnty., 525 F.3d at 646 (quoting Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). Section 1292(b) should only be used in exceptional cases where a decision on appeal may obviate "the need for protracted and extensive litigation." White, 43 F.3d at 376. The moving party bears the heavy burden of demonstrating the case is one which warrants immediate appeal. Id. To certify an appeal pursuant to 28 U.S.C. § 1292(b), the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. Id.

In this case, the certification of an interlocutory appeal is unwarranted. The time element exception issue is not a controlling question of law as its determination by the Court of Appeals would not resolve the entire controversy. This case involves four parties and a multitude of issues, many of which may require an appeal before the case is resolved. The Court does not see a substantial ground for difference of opinion on the issue given North Dakota's well-established policy of not permitting a forfeiture of insurance coverage unless there has been both a lack of timely notice and appreciable prejudice to the insurer. Hasper, 723 N.W.2d at 415. It is undisputed that Commerce has suffered no prejudice.

Certifying an interlocutory appeal would disrupt the course of the litigation, result in piece-

meal litigation, involve considerable delay, and in no way advance the ultimate termination of the litigation. Certifying an appeal of one issue involving XTO and Commerce would do nothing to resolve the litigation between XTO and the other insurance companies involved in this case. Commerce has failed to carry its heavy burden to demonstrate this case is the exceptional one which warrants an immediate appeal. The request for certification of an interlocutory appeal is denied.

### III.     CONCLUSION

Accordingly, XTO's motion for reconsideration (Doc. No. 177) is **GRANTED**. Commerce's motion for reconsideration (Doc No. 170) is **DENIED**. The Court will issue an amended order ruling on the summary judgment motions which reflects this order, withdraws that the portion of the prior order addressing XTO's bad faith claims, and clarifies the Court's prior ruling.

**IT IS SO ORDERED**.

Dated this 25th day of August, 2021.

<em>/s/ Daniel L. Hovland</em><br>
Daniel L. Hovland, District Judge<br>
United States District Court