**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Berkley National Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO SEAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| XTO Energy, Inc., | ) | |
| | ) | |
| Defendant, and | ) | |
| Third-Party Plaintiff, | ) | Case No. 1:18-cv-195 |
| | ) | |
| vs. | ) | |
| | ) | |
| Commerce and Industry Insurance | ) | |
| Company, Torus National Insurance | ) | |
| Company n/k/a StarStone National | ) | |
| Insurance Company, and Seneca | ) | |
| Specialty Insurance Company, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

---

Before the Court is a joint motion for leave to file under seal filed on January 20, 2023, by Berkley National Insurance Company ("Berkley") and Commerce and Industry Insurance Company ("CIIC"). See Doc. No. 224. Berkley and CIIC seek permission to file their respective responses and over two hundred pages of exhibits to XTO Energy, Inc.'s ("XTO") motion for summary judgment under seal. Berkley and CIIC represent the motion is unopposed. For the reasons set forth below, the motion is denied.

It is well-established that the public has a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g

Co., 898 F.2d 1371, 1376 (8th Cir. 1990).  A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press.  United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996).  A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate.  See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions.  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement.  How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records."  In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason."  Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)).  Therefore, the party

seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

In this case, sealing the briefs in response to XTO's motion for summary judgment would result in much of the case being sealed.  While the filing of certain highly confidential documents under seal, such as medical records, tax returns, or a secret formula, is understandable, the wholesale filing of briefs  and exhibits contravenes the public's right of access to judicial records.  The parties have provided little in the way of explanation as to why they need to file their briefs and exhibits under seal and little analysis of the relevant case law which provides the public with a right of access to court records.  Nor have they discussed the availability of less restrictive options such as redaction.  The Court has been left to sift through nearly one hundred pages of briefing and two hundred pages of exhibits in order to decide why it all needs to be sealed.  This burden belongs to the moving party, not the Court.  See Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1114 (8th Cir. 2004) (judges are not like pigs, hunting for truffles buried in the record).  When the Court rules on XTO's motion for summary judgment it has no intention of doing so under seal.  In the Court's experience, briefs rarely need to be sealed and exhibits, including settlement agreements, can often simply be redacted.  Government records such as OSHA reports should rarely be unavailable to the public.

Public access is the norm.  Citation to the parties' stipulated protective order (Doc. No. 47), which the Court adopted, is insufficient to provide a basis for sealing briefs and exhibits at the summary judgment stage.  This is not an unusual case or one involving highly confidential records, at least insofar as the Court can tell from the limited explanation provided by the parties.  The Court is left to wonder if the parties understand that should the case proceed to trial, the trial would be

3

conducted in a public courtroom.  Under these circumstances and with little explanation as to the

need for filing any documents under seal, the Court is not inclined to allow the parties to proceed in

secret.

      For the reasons set forth above, the motion for leave to file under seal (Doc. No. 224) is

**DENIED**.

      **IT IS SO ORDERED.**

      Dated this 24th day of January, 2023.

                                       */s/ Daniel L. Hovland*
                                       Daniel L. Hovland, District Judge
                                       United States District Court